UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KIR MOORMAN, <br><br> Plaintiff, <br><br> v. <br><br> JONES, GARCIA, <br><br> Defendants. | CAUSE NO. 3:24-CV-253-PPS-JEM |

OPINION AND ORDER

Kir Moorman, a prisoner without a lawyer, filed a complaint, alleging that Sergeant Jones and Correctional Officer Garcia at the Westville Correctional Facility failed to respond after he had a seizure in his cell and was injured. ECF 2. The seizure occurred on March 19, 2024, and he submitted this complaint for filing the next day, on March 20, 2024, at 9:00 pm. *Id.* at 1, 5. Because it is obvious on the face of the complaint that Moorman filed this lawsuit before he exhausted his administrative remedies, I must dismiss this case as legally frivolous. *See* 28 U.S.C. § 1915A (instructing courts to review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief).

Moorman alleges that when he had the seizure, the power on his range was turned off, so his emergency call button did not work to call for help. In addition, neither Sergeant Jones nor Officer Garcia conducted the required head count, so he had to wait even longer to receive assistance. Once Sergeant Jones learned about the seizure,

Moorman alleges that Jones refused to obtain medical help as an act of retaliation because Moorman had recently kicked a sergeant. Moorman alleges Sergeant Jones also refused to help him in retaliation for two complaints that Moorman had filed against him and for another complaint Moorman had filed against one of his coworkers.

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "By its plain terms, the PLRA requires prisoners to exhaust administrative remedies *before* filing suit; a sue first, exhaust later approach is not acceptable." *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020) (quotation marks and citation omitted) (emphasis in original). The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) (quoting *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006)). "[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules'—rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 219 (2007) (internal citation omitted) (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)); *see also Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002) ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.").

Moorman says in his complaint that he "filed a grievance [but] never got a response, and the second time the grievance was thrown away because the grievance officer stated it never made it." ECF 2 at 4. The grievance process can become

"unavailable" if prison officials do not respond to a properly filed grievance. *See Dole*, 438 F.3d at 809. But Moorman filed suit before allowing time for the grievance process to run its course. The Offender Grievance Process allows the grievance specialist ten business days to acknowledge receipt of the grievance, then fifteen business days after that to respond to the merits of the grievance. *See* Ind. Dep't of Corr. Policy & Admin. Proc., *Offender Grievance Process*, No. 00-02-301 (eff. Sept. 1, 2020), at p. 9-10, available at https://www.in.gov/idoc/files/00-02-301-Offender-Grievance-Process-9-1-2020.pdfOffender-Grievance-Process. The incident here took place on March 19, 2024. ECF 1 at 1. Moorman submitted his complaint for filing on March 20, 2024, and it was docketed on March 21, 2024. *Id.* at 5. He could not have known the outcome of his grievance when he filed this lawsuit.

"Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). Nevertheless, "a plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted). The complaint here shows that Moorman did not exhaust his administrative remedies before he filed suit, and therefore this case must be dismissed. *See Schillinger v. Kiley*, No. 21-2535, 2022 WL 4075590, at *1 (7th Cir. Sept. 6, 2022) (unpublished) ("Although failure to exhaust is an affirmative defense, a district court may dismiss a complaint at screening if the complaint, and any documents subject to judicial notice, establish the defense so plainly as to make the suit frivolous.").

Moorman will have an opportunity to come back to court after he properly exhausts his administrative remedies. But for now, this case is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(1) because of a failure to exhaust administrative remedies.

SO ORDERED.

ENTERED:  April 23, 2024.

                                           /s/   Philip P. Simon
                                          PHILIP P. SIMON, JUDGE
                                          UNITED STATES DISTRICT COURT